UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Civil Action No.:  3:11-cv-00116-JFA

| | | |
|---|---|---|
| **HILEX POLY COMPANY, LLC**, | ) | |
| SUPERBAG OPERATING, LTD., | ) | |
| ADVANCE POLYBAG, INC., | ) | |
| | ) | **Defendant's Answer to** |
| Plaintiffs, | ) | **Plaintiff's Complaint and** |
| | ) | **First Amended Complaint** |
| -v- | ) | |
| | ) | |
| **CHICOECO, INC., doing business** | ) | |
| **as CHICOBAG** | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

Defendant Chicoeco, Inc., d/b/a ChicoBag (hereafter "ChicoBag"), answers Plaintiffs' Complaint as follows:

1.  ChicoBag denies each and every allegation, matter or thing contained in the Complaint, except as hereinafter admitted, qualified, alleged, or otherwise stated.

### FOR A FIRST DEFENSE – GENERAL DENIAL

### RESPONSE TO "NATURE OF THE ACTION"

2.   The allegations of Paragraph 1 of the Complaint constitute conclusions of law to which no answer is required.  To the extent an answer is deemed required, these allegations are denied.

3.  ChicoBag admits that Exhibit A of Plaintiffs' Complaint shows examples of print advertisements for ChicoBag and that Exhibit B shows examples of Internet advertisements for ChicoBag.  ChicoBag admits that Exhibit A and

Exhibit B speak for themselves.  The remaining allegations of Paragraph 2 of the Complaint are denied.

4.  The allegations of Paragraph 3 of the Complaint are denied.

## RESPONSE TO PARTIES

5.  ChicoBag lacks sufficient knowledge or information to admit or deny the allegations of Paragraphs 4, 5, and 6 of the Complaint, and accordingly, the same are denied.

6.  ChicoBag admits that it is a business entity organized and existing under the laws of the State of California, with principal place of business at 345 Huss Drive, Chico, California, 95928.

7.  The allegations of Paragraph 8 of the Complaint are denied.

## RESPONSE TO JURISDICTION AND VENUE

8.  ChicoBag denies that this Court is the proper venue for the action.  The remaining allegations contained within Paragraph 9 of the Complaint are also denied.

9.  ChicoBag admits that this Court has personal jurisdiction over the parties and this matter.  The remaining allegations contained within Paragraph 10 of the Complaint are denied.

10. The allegations of Paragraph 11 constitute conclusions of law to which no answer is required.  To the extent an answer is deemed required, the allegations are denied.

## RESPONSE TO "GENERAL ALLEGATIONS"

11. The allegations contained within Paragraph 12 of the Complaint require no response, but to the extent they do, the foregoing responses of ChicoBag are incorporated by reference.

12. ChicoBag admits that it advertises, promotes, and sells reusable bags. ChicoBag's advertisements and promotional materials speak for themselves. To the extent an answer is deemed required to the allegations of Paragraph 13 of the Complaint, the allegations are denied.

13. ChicoBag's advertisements and promotional materials speak for themselves. To the extent an answer is deemed required to the allegations of Paragraph 14 of the Complaint, the allegations are denied. ChicoBag denies that its claims cannot be substantiated.

14. ChicoBag's advertisements and promotional materials speak for themselves. To the extent an answer is deemed required to the allegations of Paragraph 15 of the Complaint, the allegations are denied.

15. ChicoBag's advertisements and promotional materials speak for themselves. To the extent an answer is deemed required to the allegations of Paragraph 16 of the Complaint, the allegations are denied. ChicoBag denies that its claims cannot be substantiated.

16. ChicoBag's advertisements and promotional materials speak for themselves. To the extent an answer is deemed required to the allegations of Paragraph

17 of the Complaint, the allegations are denied.  ChicoBag denies that its claims cannot be substantiated.

17. ChicoBag's advertisements and promotional materials speak for themselves. To the extent an answer is deemed required to the allegations of Paragraph 18 of the Complaint, the allegations are denied.  To the extent that any numerical information is inaccurate, ChicoBag asserts that said information is not material within the meaning of the Lanham Act.

18. ChicoBag's advertisements and promotional materials speak for themselves. To the extent an answer is deemed required to the allegations of Paragraph 19 of the Complaint, the allegations are denied.  ChicoBag denies that its claims cannot be substantiated.  To the extent that ChicoBag has relied upon information in the public domain or obtained from third party sources, in the event that said information is inaccurate, ChicoBag contends that said information is not actionable under the Lanham Act, in that it is not material, is considered "puffing", or is a matter of opinion and not subject to proof or disproof.

19. The allegations of Paragraph 20 of the Complaint are denied.

20. The allegations of Paragraph 21 of the Complaint are denied.

21. The allegations of Paragraph 22 of the Complaint are denied.

22. The allegations of Paragraph 23 of the Complaint are denied.

23. The allegations of Paragraph 24 of the Complaint are denied.

24. The allegations of Paragraph 25 of the Complaint are denied.

25. The allegations of Paragraph 26 of the Complaint are denied.

## FIRST COUNT-LANHAM ACT CLAIMS

26. The allegations contained within Paragraph 27 of the Complaint require no response.  To the extent that they do, ChicoBag incorporates its prior responses.

27. The allegations of Paragraph 28 of the Complaint are denied.

28. The allegations of Paragraph 29 of the Complaint are denied.

29. The allegations of Paragraph 30 of the Complaint are denied.

30. The allegations of Paragraph 31 of the Complaint are denied.

31. The allegations of Paragraph 32 of the Complaint are denied.

32. The allegations of Paragraph 33 of the Complaint are denied.

33. The allegations of Paragraph 34 of the Complaint are denied.

## SECOND COUNT-UNFAIR TRADE PRACTICES ACT CLAIMS

34. The allegations contained within Paragraph 34 of the Complaint require no response.  To the extent they do, ChicoBag incorporates prior responses

35. The allegations of Paragraph 35 of the Complaint are denied.

36. The allegations of Paragraph 36 of the Complaint are denied.

37. The allegations of Paragraph 37 of the Complaint are denied.

38. The allegations of Paragraph 38 of the Complaint are denied.

39. The allegations of Paragraph 39 of the Complaint are denied.

40. The allegations of Paragraph 40 of the Complaint are denied.

41. The allegations of Paragraph 41 of the Complaint are denied.

42. All allegations contained in Paragraphs 1 – 41 of Plaintiffs' Complaint which ChicoBag has not expressly admitted are hereby denied.

## FOR A SECOND DEFENSE

## (FAILURE TO STATE A CLAIM)

43. Plaintiff's Complaint and First Amended Complaint fail to state a claim for which relief can be granted.  Accordingly, Plaintiffs' Complaint and First Amended Complaint should be dismissed.

## FOR A THIRD DEFENSE

## (STATUTE OF LIMITATION)

44. Plaintiffs' claims are barred by the applicable statutes of limitations applicable to Lanham Act and South Carolina Unfair Trade Practice Act claims.

## FOR A FOURTH DEFENSE

## (EQUITABLE DEFENSES)

45. Plaintiffs' claims are barred by the equitable doctrines of waiver, estoppel, unclean hands, laches, and similar equitable principles.

## FOR A FIFTH DEFENSE

## (FAILURE TO MITIGATE)

46. Any commercial losses that Plaintiffs' have sustained, and the same are expressly denied, have been proximately caused, or exacerbated by, Plaintiffs' failure to take reasonable steps to mitigate or minimize damage on their own behalf.

## FOR A SIXTH DEFENSE

## (INTERVENING CAUSE)

47. Any damages Plaintiffs have sustained and the same is expressly denied, have been proximately caused or occasioned by acts of third parties, other

competitors, other sources of information critical of single use disposable

plastic bags, Plaintiffs' own conduct, advertising and marketing, or other

actions not attributable to ChicoBag.  Defendant therefore pleads

independent, intervening and/or superseding acts or omission of Plaintiffs or

others as a complete bar to this action.

### FOR A SEVENTH DEFENSE

### (FIRST AMENDMENT)

48. Plaintiffs' claims are barred because ChicoBag's advertising is protected by

the First Amendment to the United States Constitution, and Article 1, Section

2 of the South Carolina Constitution, or other applicable, equivalent state laws

and doctrine protecting freedom of speech from unreasonable or unjustified

restriction.

### FOR AN EIGHTH DEFENSE TO THE LANHAM ACT CLAIMS

### (STANDING)

49. Plaintiffs are not competitors of ChicoBag, and as such, lack standing to

assert, prosecute or institute Lanham Act claims.

### FOR A NINTH DEFENSE TO THE LANHAM ACT CLAIMS

### (MATERIALITY)

50. Any inaccuracies in any of ChicoBag's advertising or published information

concerning its products or the products of Plaintiffs, and the same is

expressly denied, are not "material" within the meaning of the Lanham Act

and attendant case law interpreting said act, and are not likely to influence

purchasing decisions by Plaintiffs' customers, and as such, cannot serve as the basis for Plaintiffs' claims.

## FOR THE TENTH DEFENSE TO THE LANAHM ACT CLAIM

## (PUFFING)

51. Any complained of statements by ChicoBag which meet the definition of "Puffing" or "puffery" within the meaning of case law interpreting the Lanham Act are not actionable, and may not serve as the basis for Plaintiffs' claims.

## FOR AN ELEVENTH DEFENSE TO THE LANHAM ACT CLAIM

## (OPINION)

52. To the extent that ChicoBag's advertisement and published information constitute opinions held by this Defendant or others, said opinions are not actionable under the Lanham Act, and may not serve as the basis for Plaintiffs' claims.

## FOR A TWELFTH DEFENSE TO THE SOUTH CAROLINA UNFAIR TRADE PRACTICE CLAIM

## (SCUTPA)

53. The actions of ChicoBag complained of by Plaintiffs do no affect the public interest, do not have the potential for repetition, have no material impact on the marketplace, and have not proximately caused any actual losses to Plaintiffs.  As such, they are not actionable under the SCUTPA, and may not serve as the basis for Plaintiffs' SCUTPA claims.

54. The actions of ChicoBag complained by Plaintiffs were taken in good faith reliance upon the justifiable belief that said information was accurate and authoritative at the time of its publication, and are reasonable business

practices taken without intent to misrepresent or mislead, and as such, cannot serve as the basis for Plaintiffs' SCUTPA claims.

## JURY TRIAL DEMANDED

ChicoBag requests a jury trial on all issues in Plaintiffs' Complaint.

## PRAYER FOR RELIEF

Wherefore, Defendant ChicoBag prays that this Court enters judgment:

A.   For ChicoBag on all counts;

B.   Dismissing Plaintiffs' action with prejudice;

C.   Awarding ChicoBag its costs and disbursements in this action, including reasonable attorneys' fees and expert fees;

D.   Granting ChicoBag any and such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

BOWMAN and BROOKE LLP

By: s/Richard H. Willis
    Richard H. Willis
    Federal Bar No. 4700
    E-Mail: richard.willis@bowmanandbrooke.com
    Richard Morgan
    Federal Bar No. 157053
    E-Mail:richard.morgan@bowmanandbrooke.com
    Robert L. Wise
    Federal Bar No. 74661
    E-Mail:robert.wise@bowmanandbrooke.com
    1441 Main Street, Suite 1200
    Columbia, SC  29201
    Telephone:  (803) 726-7420

Attorneys for ChicoBag Company

Columbia, South Carolina
March 18, 2011